IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EVELYN J.D. SZYMANSKI,      )
                              )     NO.
           plaintiff,           )
                              )     JUDGE:
    v.                             )
                              )     MAGISTRATE JUDGE:
COUNTY OF COOK and LOYOLA     )
UNIVERSITY MEDICAL CENTER,     )     (JURY DEMANDED)
                              )
          defendants.       )

## COMPLAINT

NOW COMES the plaintiff, EVELYN J.D. SZYMANSKI, by her attorney, TIMOTHY A. BRIDGE and, as and for her complaint against defendants, COUNTY OF COOK and LOYOLA UNIVERSITY MEDICAL CENTER, states the following:

## NATURE OF ACTION, JURISDICTION AND VENUE

1.       This is an action for equitable relief and damages for discrimination in employment on the basis of retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-3(a) and the Americans with Disabilities Act, 42 U.S.C. 12101 et seq.

2.       This court has jurisdiction of the claims asserted in the complaint pursuant to 28 U.S.C. 1331, 1343 and 42 U.S.C. 2000e-5(f)(3).  Plaintiff also invokes this court's supplemental jurisdiction to hear and decide plaintiff's state law claim pursuant to 28 U.S.C. 1367.

3.       All conditions precedent to suit have occurred or been complied with in that timely charges of discrimination were filed by plaintiff with the Equal Employment Opportunity Commission ("EEOC") on March 18, 2009 (EEOC No. 21B-2009-01524 and 21B-2009-01512).

4.      Notification of Right-to-Sue in EEOC Case No. 21B-2009-01524 was issued by the U.S. Department of Justice on October 6, 2009 and Notification of Right-to-Sue in EEOC Case No. 21B-2009-01512 was issued by the U.S. Equal Employment Opportunity Commission on September 22, 2009.  (Copies of such Notices of Right-to-Sue are attached hereto as Exh. A and B).

5.      Venue is proper in this court since the acts of discrimination alleged in the complaint occurred within this judicial district. 28 U.S.C. 1391 and 42 U.S.C. 2000e(5)(f)(3).

## PARTIES

6.      Evelyn J.D. Szymanski ("plaintiff" or "Szymanski") is a citizen of the United States currently residing in Westchester, Illinois.  Szymanski was employed as a Nurse Practitioner by defendant Loyola University Medical Center until her termination effective November 17, 2008.

7.      County of Cook is a "person" and "employer" within the meaning of the Civil Rights Act of 1964, as amended.  42 U.S.C. 2000e.

8.      Loyola University Medical Center is an "employer" and "covered entity" within the meaning of the Civil Rights Act of 1964 and the Americans with Disabilities Act of 1990, as amended. 42 U.S.C. 2000e and 42 U.S.C. 12111.

## FACTS COMMON TO ALL COUNTS

9.      Szymanski was employed as a Nurse Practitioner in the Ambulatory Screening Clinic at John H. Stroger, Jr. Hospital of Cook County during the period January 3, 1983 through April 23, 2002, when she was terminated.

10.     Following her termination, Szymanski filed a claim of discrimination with the Equal Employment Opportunity Commission alleging that her termination constituted retaliation for engaging in concerted and protected EEO activity. (EEOC No. 210-A2-02756).

11.     Szymanski's retaliation case was tried before a jury on January 13, 2003 (No. 01-C-9588).  The jury found the termination action to be retaliatory and Szymanski was awarded back pay, front pay in lieu of reinstatement and compensatory damages.

12.     On January 23, 2003 the court issued a supplemental order directing the County to expunge all references to the circumstances leading to plaintiff's termination and all other reference to any disciplinary actions taken against her during her employment at Cook County Hospital.

13.     On September 5, 2008 Szymanski was hired by Loyola University Medical Center as a Nurse Practitioner.

14.     On October 1, 2008 Szymanski slipped and fell at work and sustained a cuboid fracture of the left foot requiring a leg case with work restrictions, "no lifting, no kneeling, crawling or squatting and no standing or ambulating grater than 10 minutes.  Needs crutches for any standing or ambulatory."

15.     Notwithstanding her physical limitations, and the work limitations recommended by her treating physicians, Susan Martinkus, Practice Manager, advised Szymanski that she did not intend to observe her work limitations and that if she wished to continue her employment she would be required to perform her duties without restriction during her (90) day new employee review period.

16.    As a direct result of the directive of Martinkus, Szymanski was compelled to work beyond her physical limitations and the work restrictions of her treating physician which resulted in additional damage and avascular necrosis of the cuboid bone.

17.    Szymanski filed a notification of her application for benefits under the Illinois Workers Compensation Act on November 13, 2008.

18.    Subsequent to her request for work accommodation, Martinkus solicited false and disparaging reports of contact from health care providers and physicians indicating inappropriate conduct on Szymanski's part during the employee review period.

19.    On October 22, 2008 Beverly Matthews, Credentials Verification Specialist, advised Szymanski that she had obtained a copy of her previous complaint of discrimination filed against Cook County from an individual she identified as a "quality assurance" representative at John H. Stroger Jr. Hospital.

20.    After showing Szymanski a copy of the discrimination complaint from her "credentialing file", Matthews told Szymanski not to disclose the fact that she provided such information to her for the reason that it was "peer protected from disclosure" by the credential committee pursuant to hospital regulations.

21.    Szymanski's credentialing file was never forwarded to the Credentials Committee for further review or certification.

22.    On November 17, 2008 Szymanski was terminated from employment by Loyola University Medical Center for false and pretextual reasons.

## COUNT I
### Retaliation - Title VII

23.     Plaintiff repeats and realleges paragraphs 1-22 as if fully set forth in this Count I.

24.     Title VII of the Civil Rights Act of 1964, as amended, provides, in pertinent part,

as follows:

> "It shall be an unlawful employment practice for an employer to discriminate
> against any of his employees or applicants for employment..., because he has
> opposed any practice made an unlawful employment practice by this subchapter,
> or because he has made a charge, testified, assisted or participated in any manner
> in an investigation, proceeding, or hearing under this subchapter". 42 U.S.C.
> 2000e-3(a).

25.     By virtue of disseminating evidence of Szymanski's prior complaint of

discrimination to plaintiff's prospective employers, including Loyola University Medical Center,

County of Cook has engaged in the practice of "black balling" and interfering with plaintiff's

efforts to obtain gainful employment in violation of Title VII.

26.     The dissemination of information and documents relating to plaintiff's prior

complaint of civil rights violations by County of Cook directly violated the Order of Court

entered January 23, 2003 and constitutes a continuing violation of Title VII on the part of

defendant County of Cook.

27.     By virtue of utilizing information and documents relating to plaintiff's prior

complaint of civil rights violation obtained from County of Cook during the credentialing

process, defendant Loyola University Medical Center aided and abetted unlawful retaliation

against plaintiff in violation of the anti-retaliation provisions of Title VII.

28.     The acts on the part of defendants County of Cook and Loyola University Medical Center, jointly and severally, constitute an intentional conspiracy to retaliate against plaintiff in violation of the anti-retaliation provisions of Title VII.

29.     The acts and omissions, as aforesaid, were implemented vexatiously, and with the express purpose and intent of retaliating against plaintiff within the meaning of Title VII.

30.     As a proximate result of the acts and omissions on the part of defendants, acting jointly and severally, plaintiff has been caused to suffer loss of employment, loss of income, damage to her reputation and professional standing, emotional distress, mental anguish and other non-wage compensatory damages as will be shown according to proofs.

**COUNT II**
**Violation of the ADA**

31.     Plaintiff repeats and realleges paragraphs 1 through 30 as if fully set forth in this Count II.

32.     As a proximate result of her physical injury, work limitations and extended period of medical rehabilitation, Szymanski was substantially limited in one or more of her major live activities, had a record of such physical limitations and/or was regarded by defendant Loyola University Medical Center as having such physical limitations.  42 U.S.C. 12102(2).

33.     At all time relevant, Szymanski was a qualified individual with a disability in that she was an individual with a disability who, with or without reasonable accommodation, was able to perform the essential duties of her position.  42 U.S.C. 12111(8).

34.     Although Szymanski submitted a request for accommodation and medical evidence in support thereof to her supervisor during October-November, 2008, her accommodation request was summarily denied without explanation or lawful excuse.

35.     Szymanski's request for accommodation was reasonable in scope and submitted in accordance with the personnel policies and procedures of the hospital.

36.     The denial of Szymanski's request for reasonable accommodation was arbitrary, capricious and implemented without concern for the "interactive process" required of the hospital under the ADA.

37.     Szymanski's request for accommodation did not present an "undue burden" upon the hospital.

38.     Szymanski's termination constitutes discrimination in employment and retaliation for requesting accommodation in violation of the ADA. 42 U.S.C. 12112(a).

39.     As a proximate result of the acts and omissions on the part of defendant Loyola University Medical Center, plaintiff has been caused to suffer loss of employment, loss of income, damage to her reputation and professional standing, emotional distress, mental anguish and other non-wage compensatory damages as will be shown according to proofs.

## COUNT III
## Retaliatory Discharge

40.     Plaintiff repeats the allegations contained in paragraphs 1 through 29 as if fully set forth in this Count III.

41.     Szymanski's termination from employment by defendant Loyola University Medical Center was impermissible based, in substantial part, upon knowledge of her application for benefits under the Illinois Workers Compensation Act.

42.     Szymanski's termination violates the public policy of the State of Illinois and constitutes a retaliatory discharge from employment.

43.     As a proximate result of the acts and omissions on the part of defendant Loyola University Medical Center, plaintiff has been caused to suffer loss of employment, loss of income, damage to her reputation and professional standing, emotional distress, mental anguish and other non-wage compensatory damages as will be shown according to proofs.

## COUNT IV
## Interference with Prospective Economic Advantage

44.     Plaintiff repeats and realleges paragraphs 1 through 29 as if full set forth in this Count IV.

45.     As a proximate result of the acts and omissions on the part of defendant County of Cook, plaintiff's prospective economic advantage with respect to future employment opportunity, including, without limitation, her employment at Loyola University Medical Center, has been unlawfully interfered with without legal excuse of any kind.

-8-

46. The acts and omissions on the part of defendant County of Cook were unprivileged, vexatious and in direct violation of the Order of the Court entered on January 23, 2003.

47. As a proximate result of the acts and omissions on the part of defendant County of Cook, plaintiff has been caused to suffer loss of employment, loss of income, damage to her reputation and professional standing, emotional distress, mental anguish and other non-wage compensatory damages as will be shown according to proofs.

WHEREFORE, plaintiff prays for judgment in her favor and against defendants County of Cook and Loyola University Medical Center, including the following reliefs and damages:

a) Trial by jury on the allegations raised in her complaint and those filed with the EEOC and advancement on the Court's calendar for speedy hearing;

b) That a declaratory judgment be issued that plaintiff's rights have been violated as alleged above and that the practices complained of herein are unlawful and violative of the Acts cited;

c) That this Court permanently enjoin defendants, their agents, successors, officers , employees and attorneys, and those acting in concert with them, from engaging in each of the unlawful practices, policies, customs and usages set forth herein and from continuing any and all other practices shown to be in violation of applicable law;

d) That plaintiff have and recover from defendants back pay and lost benefits with interest, pre- and post-judgment interest, front pay, compensatory, consequential and punitive damages for emotional pain, suffering, inconvenience, mental anguish and other non-wage losses under Title VII and the ADA and any other damages to which plaintiff may be entitled under federal and/or state law;

e) That plaintiff be awarded the costs and disbursements of this action, including reasonable attorney's fees, pursuant to the Civil Rights Attorneys Fee Award Act of 1976, 42 U.S.C. §1988 and any other attorney fee statutes; and

f)      Grant such other relief as this court deems just and proper under the circumstances.


                                        Respectfully submitted,
                                        **EVELYN J.D. SZYMANSKI,**


                            by:     /s/_____
                                    Timothy A. Bridge
                                    Plaintiff's Attorney




Timothy A. Bridge
*Attorney at Law*
3N206 Loblolly Lane
St. Charles, IL 60175
(630) 762-1135
(630) 762-1282 (FAX)

# EXHIBIT A



**U.S. Department of Justice**

Civil Rights Division
NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

CERTIFIED MAIL
5054 5420

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson , EMP, PHB, Room 4239*
*Washington, DC 20530*

October 6, 2009

Ms. Evelyn Szymanski
c/o Timothy A. Bridge, Esquire
Law Office of Timothy A. Bridge
Attorney at Law
3 N. 206 Lobolly Ln.
St. Charles, IL  60175

Re:  EEOC Charge Against John H. Stroger Hospital of Cook County
     No. 21B200901524

Dear Ms. Szymanski:

     Because you filed the above charge with the Equal Employment
Opportunity Commission, and more than 180 days have elapsed since the date
the Commission assumed jurisdiction over the charge, and no suit based
thereon has been filed by this Department, and because you through your
attorney have specifically requested this Notice, you are hereby notified
that you have the right to institute a civil action under Title VII of the
Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against
the above-named respondent.

     If you choose to commence a civil action, such suit must be filed in
the appropriate Court within 90 days of your receipt of this Notice.

     The investigative file pertaining to your case is located in the EEOC
Chicago District Office, Chicago, IL.

     This Notice should not be taken to mean that the Department of
Justice has made a judgment as to whether or not your case is meritorious.

                         Sincerely,

                         Loretta King
                         Acting Assistant Attorney General
                         Civil Rights Division

                    by   *Karen J. Ferguson*
                         Karen L. Ferguson
                         Supervisory Civil Rights Analyst
                         Employment Litigation Section

cc: Chicago District Office, EEOC
    John H. Stroger Hospital of Cook County

**EXH. A**

# EXHIBIT B

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To: **Evelyn Szymanski**<br>**11145 Regency**<br>**Westchester, IL 60154**<br><br>**CERTIFIED MAIL 7000 0600 0022 1009 5350** | From: **Chicago District Office**<br>**500 West Madison St**<br>**Suite 2000**<br>**Chicago, IL 60661** |

[ ]  *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **21B-2009-01512** | **Armernola P. Smith,**<br>**State & Local Coordinator** | **(312) 886-5973** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X]  More than 180 days have passed since the filing of this charge.

[ ]  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]  The EEOC is terminating its processing of this charge.

[ ]  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X]  The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*John P. Rowe*                    09-22-2009 *mjh*

Enclosures(s)

**John P. Rowe,**
**District Director**

*(Date Mailed)*

cc:     **LOYOLA UNIVERSITY MEDICAL**
        **2160 S First Avenue**
        **Maywood, IL 60153**

**EXH. B**